UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AILEEN HEDDEN,

        Plaintiff,                                Case No: 1:10-cv-534

v                                                      HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court reverse the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and remand this case for further factual findings. The matter is presently before the Court on Defendant's objections to the R & R (Dkt 9). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendant argues that the Magistrate Judge erred in concluding that the ALJ's decision to discount Plaintiff's credibility, and to discredit her testimony and subjective allegations of pain, is not supported by substantial evidence. Defendant notes that the Magistrate Judge found that the ALJ properly gave less-than-controlling weight to the opinions of Plaintiff's treating physicians, Drs. Bez

and Karakitsos, based on the lack of objective supporting evidence (Objs. at 2-3). Defendant argues therefore that it was the ALJ's role to balance the treating physicians' opinions of Plaintiff's extreme limitations with other evidence to make a credibility determination (*id.* at 3-4). Defendant further objects to the Magistrate Judge's observation that the ALJ appears to misinterpret the significance of a positive Waddell's sign as an indication of malingering or symptom exaggeration (*id.* at 4-5; R & R at 22). Defendant asserts that the ALJ properly considered this evidence, but did not rely exclusively on it, or conclude that it was evidence of malingering, and instead appropriately considered it along with other evidence in the overall credibility analysis (Objs. at 5).

The Court finds Defendant's objections without merit. The Magistrate Judge properly assessed whether the ALJ's consideration of Plaintiff's credibility comported with the applicable legal rules and was supported by substantial evidence. The Magistrate Judge appropriately determined that the ALJ's credibility determination was not reasonable or supported. *See Kalmbach v. Comm'r of Soc. Sec.,* 409 F. App'x 852, 865 (6th Cir. 2011) (while credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence). Defendant's citation to other evidence of Plaintiff's abilities or activities does not cure the deficiencies in the ALJ's credibility determination.

The Magistrate Judge pointed out that as an initial matter, the ALJ relied on his erroneous conclusion that "'no physician imposed an ongoing work preclusive limitation on [Plaintiff's] functioning'" (R & R at 21, citing Tr. 20). Defendant does not dispute this error (Objs. at 2). Further, to the extent that the ALJ discredited Plaintiff's subjective allegations because of a positive Waddell's sign, particularly that noted by Dr. Andary, such a finding was contradicted by the record (Objs. at 4-5; R & R at 22-23). The Magistate Judge noted that "the results of numerous physical

examinations and objective testing revealed findings that Plaintiff's care providers indicated were *consistent with* her symptoms and allegations *(id.* at 23, citing Tr. 169, 205, 212, 215-16, 290, 359) (emphasis in original).

The record evidence cited by Defendant does not undermine the Magistrate Judge's analysis or conclusion regarding the ALJ's determination that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible (Tr. at 20). The Magistrate Judge provided ample factual and legal justification for her conclusion that the ALJ's determination did not survive scrutiny (R & R 21-25) because the determination failed to comport with applicable standards:

> [T]he ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." Soc. Sec. Rul. 96–7p, 1996 WL 374186, at *4. Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with her complaints based on a consideration of the entire case record. The entire case record includes any medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.
>
> Social Security Ruling 96–7p also requires that the ALJ explain the credibility determinations in his decision with sufficient specificity as "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

*Kalmbach,* 409 F. App'x at 863.

As the Magistrate Judge explained, the ALJ's conclusion the Plaintiff's subjective complaints were not credible suffered from numerous shortcomings, including the lack of supporting evidence and citations to the record. Defendant's objections are denied. This case is properly remanded for the appropriate considerations and findings.

A Judgment will be entered consistent with this Opinion.


Dated: February 29, 2012                   /s/ Janet T. Neff
                                                               JANET T. NEFF
                                                               United States District Judge